**UNITED STATES of America, Plaintiff, Appellant,**

v.

**MASSACHUSETTS BAY TRANSPOR-TATION AUTHORITY, Defendant, Appellee.**

**No. 79-1512.**

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1980.

Decided Feb. 4, 1980.

Richard D. Glovsky, Asst. U. S. Atty., Chief, Civil Division, Boston, Mass., with whom James W. Moorman, Asst. Atty. Gen., Washington, D. C., Edward F. Harrington, U. S. Atty., Boston, Mass., Raymond W. Mushal, Carl Strass, and Gail Osherenko, Attys., Dept. of Justice, Washington, D. C., were on brief, for plaintiff, appellant.

Gerald M. Coakley, Boston, Mass., for defendant, appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

The single question in this case, in which the facts were stipulated, is whether Massachusetts Bay Transportation Authority (MBTA) is subject to civil penalties pursuant to 33 U.S.C. § 1321 for causing oil spills into navigable waters. Section 1321 provides, in part, as follows.

(a) For the purpose of this section, the term—

. . . . .

(6) "owner or operator" means . . in the case of an onshore facility . . any person owning or operating such onshore facility . . . ;

(7) "person" includes an individual, firm, corporation, association, and a partnership;

. . . . .

(b)(1) The Congress hereby declares that it is the policy of the United States that there should be no discharges of oil or hazardous substances into or upon the navigable waters of the United States

. . . . .

. . . . .

(3) The discharge of oil or hazardous substances (i) into or upon the navigable waters of the United States . . . in such quantities as may be harmful as determined by the President . . . is prohibited, except [in certain circumstances not here material].

.    .    .    .    .

(6) Any owner, operator, or person in charge of any onshore facility . . . from which oil or a hazardous substance is discharged in violation of paragraph (3) of this subsection shall be assessed a civil penalty by the Secretary . . . .

MBTA takes the position that it is not a designated owner or operator of the facility from which oil was discharged because it is not a "person" within section 1321(a)(7), ante. First, it says that it is not a "corporation" under that section because although it has certain corporate features, it is basically a political subdivision of a state, and the statute draws this distinction. For present purposes we will so assume. The government counters by invoking the general definitional section, § 1362. This provides,

Except as otherwise specifically provided, when used in this chapter:

.    .    .    .    .

(5) The term "person" means an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body.

MBTA denies the applicability of this section on the ground that section 1321(a)(7) "otherwise specifically provided." The district court agreed, stating, "The plain language of . . . § 1321(a)(7) excludes public authorities." This appeal followed.

We do not find the matter that plain as a matter of language. "Specifically provided" is a strong expression. Manifestly no specific alternative is affirmatively set forth in section 1321(a)(7); "includes" has, at most, merely an implication of exclusion.[1] The principle *"expressio unius est*

*exclusio alterius"* is a suggestive guide to interpretation, *Comtronics, Inc. v. Puerto Rico Tel. Co.,* 1 Cir., 1977, 553 F.2d 701, 707, appropriately applied to determine whether specifying one or more matters negates the implication of others. *Massachusetts Trustees of Eastern Gas & Fuel Associates v. United States,* 1 Cir., 1963, 312 F.2d 214, 220, *affirmed,* 377 U.S. 235, 84 S.Ct. 1236, 12 L.Ed.2d 268. However, "includes" is not a finite word of limitation; its use destroys the basis for implying the negative.

This would seem particularly so when the statute elsewhere uses "means."[2] Thus in *Highway & City Freight Drivers, Dockmen & Helpers v. Gordon Transports, Inc.,* 8 Cir., 1978, 576 F.2d 1285, *cert. denied,* 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 678, the court said, at 1289,

Section 1(8) uses the word 'includes' when setting out the types of organizations that come within the definition rather than the word 'means.' When a statute is phrased in this manner, the fact that the statute does not specifically mention a particular entity (in this case labor unions) does not imply that the entity falls outside of the definition." (footnote omitted)

*See also American Fed'n of Television & Radio Artists v. NLRB,* D.C. Cir., 1972, 149 U.S.App.D.C. 272, 274–75, 462 F.2d 887, 889–90. For this reason, the Second Circuit, in a case on all fours, has resolved the present statute against a municipality. *United States v. City of New York,* 614 F.2d 1292 (2 Cir. 1979), memo aff'g on the opinion of the district court, S.D.N.Y., 1979, 481 F.Supp. 4.

There are additional reasons, beyond our reading of the word "includes," for reaching such a holding. MBTA's suggested interpretation would render the statute internally inconsistent. By virtue of §§ 1321(a)(3) and (4) vessels owned by a "political subdivision" are in some circumstances excluded, and in others included, within the section.

---

1. *Compare* Samuel Goldwyn's noted use, "Include me out." A. Johnston, The Great Goldwyn.

2. In addition to other subsections of § 1321(a) and § 1362 using "means," see definitional subsections 1319(c)(3) and 1322(a)(8).

This does not jibe with a construction of § 1321(a)(7) that would exclude political subdivisions altogether. Of ultimate importance, however, is the substantive effect that MBTA's interpretation would have upon this section. There are several aspects to section 1321. One is a blanket requirement that the responsible party notify the government of any discharge, irrespective of fault in causing it. § 1321(b)(5). This, obviously, is to permit prompt countermeasures pursuant to § 1321(c). The aspect of the section with which we are here concerned, § 1321(b)(6), imposes a penalty for the discharge itself. If MBTA is not a "person" subject to subsection (b)(6), neither is it a person subject to subsection (b)(5). No possible reason suggests itself for exempting states, municipalities, and the like from this duty to notify. Nor is there any general policy in the act to exempt them from penalties. *See* § 1319.

It may be true that we do not know why Congress chose the particular language it did for section 1321(a)(7). However, the fact that we might ask questions of the draftsman does not suggest that we should take language to mean other than what it appears to say, or construe it to create inconsistencies, or construe it contrary to the statute's manifest purpose. The defendant must be held accountable under the statute.

Since there are no other defenses, the judgment of the district court is vacated and the court is ordered to enter judgment for the plaintiff.