The MIDDLEBY CORPORATION,
et al., Plaintiffs–Appellees,

v.

HUSSMANN CORPORATION,
Defendant–Appellant.

No. 91–2785.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 19, 1992.

Decided April 29, 1992.

David E. Springer, Susan Getzendanner, Andrew J. McGuinness (argued), Skadden, Arps, Slate, Meagher & Flom, Chicago, Ill., for plaintiffs-appellees.

John P. Scotellaro (argued), John W. Rotunno, Peter G. Rush, Bell, Boyd & Lloyd, Chicago, Ill., for defendant-appellant.

Before EASTERBROOK and RIPPLE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Hussmann Corporation sold its Foodservice Equipment Group to Middleby Marshall Inc. in 1989 for $62.5 million. Like most transactions for the sale of an ongoing business, this one included rules for adjusting the price to reflect changes in the value of the assets between the date of agreement and the date of closing. The parties agreed that they would submit any dispute about changes in valuation to an arbitrator, whose decision would be final. After the closing, Middleby claimed entitlement to reduce the price under the adjustment clause and Hussmann claimed an increase. The Group's closing balance sheet reflected an increase of almost $3.2 million, but Middleby contended that the balance sheet did not "fairly present[ ] the financial position of the Group"—a contractual requirement for the determination of the final price. Hussmann and Middleby selected Price Waterhouse as arbitrator. On May 9, 1991, Price Waterhouse awarded Hussmann an extra $2.4 million.

According to the contract, Middleby was supposed to satisfy the arbitrator's award within three business days. It did not. Although it offered to put the sum into escrow, Middleby told Hussmann that it would not pay until the conclusion of a suit Middleby filed in 1990, charging Hussmann with fraud and breach of warranty in the sale of the Group's assets. Middleby's suit, No. 90 C 2744, was pending before Judge Conlon but had been under stay for almost a year on Hussmann's representation that the subject was "inextricably intertwined with" the question the parties were arbitrating. Hussmann replied with its own suit, No. 91 C 3188, seeking enforcement of the award. It asked the Executive Committee of the district court to transfer the second case to Judge Conlon as a matter related to Middleby's suit. Judge Conlon consolidated the two cases for all purposes under Fed.R.Civ.P. 42(a). She promptly confirmed the arbitrator's award but has not entered judgment on that award, ruling that payment should await decision on Middleby's claims. 1991 WL 119123, 136018, 1991 U.S.Dist. Lexis 8727, 9736. Hussmann has appealed.

▮ Appellate jurisdiction is the first and only issue we consider. The district judge consolidated the two suits for all purposes, and only the final decision on the full proceeding may be appealed under 28 U.S.C. § 1291. *Sandwiches, Inc. v. Wendy's International, Inc.*, 822 F.2d 707 (7th Cir.1987). Decision on Middleby's claims lies in the future.

▮ Hussmann insists that the consolidation was erroneous—that Rule 42(a) may not be used when the effect is to defer enforcement of an arbitrator's award. Such a contention comes with ill grace from the party that first delayed Middleby's suit, and then obtained a transfer of its own case to the judge handling Middleby's, representing each time that the two are but facets of the same thing. If nonetheless it was error to consolidate the cases, the deed is done. Error is not the same thing as finality. Many an erroneous decision awaits review at the end of the case. E.g., *Reise v. University of Wisconsin*, 957 F.2d 293 (7th Cir.1992); *Employers Insurance of Wausau v. Shell Oil Co.*, 820 F.2d 898 (7th Cir.1987). Error does not create appellate jurisdiction.

▮ The district court did not enter a partial final judgment under Fed.R.Civ.P.

54(b). Hussmann's belief that we may compel the district court to enter such a judgment is erroneous. Resort to Rule 54(b) lies in the discretion of the district judge, reviewable on a deferential standard. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980). Refusal to enter such a decision is not reviewable save on the restrictive terms of the mandamus power, which Hussmann has not invoked. No Rule 54(b) judgment, no appellate jurisdiction. Appellate courts may not create jurisdiction by entering judgments on behalf of the district courts and then reviewing those judgments! At all events, Rule 54(b) would have offered Hussmann little solace given *Perera v. Siegel Trading Co.*, 951 F.2d 780, 786 (7th Cir.1992), which holds that Rule 54(b) may not·be used to separate for immediate appeal an arbitration question embedded in a larger dispute.

■ Only 9 U.S.C. § 16(a)(1)(D) of the Arbitration Act offers a glimmer to Hussmann. Enacted in 1988 as § 15 and renumbered in 1990, § 16 responds to the demise of the *Enelow–Ettelson* doctrine. See *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Section 16(a) lists many appealable orders. Some, such as an order "refusing a stay of any action under section 3 of this title" (§ 16(a)(1)(A)), are unquestionably interlocutory. Others are less clear. Section 16(a)(1)(D), the only one pertinent to our case, authorizes an appeal from an order "confirming or denying confirmation of an award or partial award". Such orders are usually final; nothing in this expression tells us whether an appeal lies from an order withholding confirmation of an award while the court resolves other issues.

■ Hussmann's argument depends on three propositions: first, "confirmation" in § 16(a)(1)(D) means the judgment ordering the loser of the arbitration to pay up; second, delay in entering such a judgment is the same thing as "denying" confirmation; third, § 16(a)(1)(D) authorizes an appeal from an interlocutory order denying confirmation as thus defined. Hussmann needs to prevail at all three steps of the argument, else we lack jurisdiction. Some support for the first step comes from language in both the legislative history of the Arbitration Act and judicial opinions using "confirmation" and "judgment" interchangeably. But there is no support for the second step, so we need not consider the third.

Suppose a district judge says: "Before deciding whether to confirm the arbitrator's award, I want the parties to file briefs on the following question...." Surely the proponent of confirmation may not appeal the next day; delay incident to an orderly process is a far cry from "denying" confirmation. Postponing a judgment of confirmation while the court resolves additional claims—the step Judge Conlon has taken—differs from our hypothetical in degree but not in kind. In each case the court promises final judgment at the appropriate time; just which time is "appropriate" depends on the nature of the parties' dispute.

If § 16(a)(1)(D) sometimes authorizes an interlocutory appeal, and delay sometimes equates to denial, then our situation has a close parallel in 28 U.S.C. § 1292(a)(1), which authorizes appeals from interlocutory orders refusing to issue injunctions. When is delay in issuing an injunction (or acting on the request for one) the same as denial, and thus appealable? The Supreme Court's answer has been: when the passage of time causes irreparable injury to the person claiming entitlement to relief. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 379, 107 S.Ct. 1177, 1183, 94 L.Ed.2d 389 (1987); *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981); *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966). Nothing that springs to mind justifies making appeals from inaction available more readily under § 16(a)(1)(D) than under § 1292(a)(1). As Hussmann seeks money, delay does not create irreparable injury. Interest on the $2.4 million will compensate Hussmann for the time value of the money.

The appeal is dismissed for want of jurisdiction.