7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jack ARNOLD, Linda Arnold, Donald Barton, et al.,
Plaintiffs-Counter Defendants,
and
Highland Realty, Incorporated, Intervening Plaintiff-Counter
Defendant-Appellant,
v.
INDIANAPOLIS AIRPORT AUTHORITY, Defendant-Counter Plaintiff-Appellee,
and
Federal Aviation Administration, Defendant-Appellee.
HIGHLAND REALTY, INCORPORATED, Plaintiff-Appellant,
v.
INDIANAPOLIS AIRPORT AUTHORITY and Federal Aviation
Administration, Defendants-Appellees.
HIGHLAND REALTY, INCORPORATED, Plaintiff-Appellant,
v.
INDIANAPOLIS AIRPORT AUTHORITY, Defendant-Appellee.
 No. 91-1889.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 9, 1993.
Decided Sept. 21, 1993.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 This appeal relates to the Indianapolis Airport Authority's ("IAA's") acquisition of additional land for the airport through its eminent domain power. The plaintiffs, who own mobile homes on the affected property, maintain that the IAA had an obligation to acquire their mobile homes rather than to pay only the cost of relocating those homes. We lack jurisdiction to reach the merits of this dispute, however, because it appears that the district court did not resolve all claims of all parties. There is therefore no final judgment, and we must dismiss the appeal for lack of jurisdiction.
 
 I. BACKGROUND
 
 2
 The jurisdictional problem stems from the fact that the district court consolidated these three related cases below. Two of the cases were brought by Highland Realty, Incorporated ("Highland"), the owner of the mobile home park, and the third by individual owners of mobile homes on the property. Highland intervened as a plaintiff in the third action as well. The district court consolidated the cases as follows: "[c]auses shall each maintain their original assigned cause numbers; however, said causes shall be considered jointly for all other purposes." (emphasis added).
 
 
 3
 By its order and opinion of February 5, 1990, the district court dismissed all claims against the Federal Aviation Administration ("FAA"), which had provided federal funds for the expansion project, holding that it lacked jurisdiction over the FAA. The court also dismissed Highland's two complaints "in their entirety" because it found Highland's claims barred by the collateral estoppel effect of an earlier state court ejectment action. The district court determined, however, that the individual plaintiffs had stated a claim under the Uniform Relocation Assistance and Real Property Acquisition Policies Act, and it allowed that claim to proceed. In its February 5, 1990 opinion, the district court explained that the three actions posed common questions of law and fact and that they
 
 
 4
 have been consolidated and considered jointly by the Court, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The actions do not lose their separate identities as a result of the consolidation. See Alfred Dunhill of London, Inc. v. Republic of Cuba, 425 U.S. 682, 736, 96 S.Ct. 1854, 1881, 48 L.Ed.2d 301 (1976).
 
 
 5
 Highland did not appeal from the February 5, 1990 dismissal of its complaints, believing (and correctly so) that because the cases had been consolidated "for all purposes" (other than maintaining separate cause numbers), it could not appeal before a final judgment was entered in all three cases.
 
 
 6
 On September 21, 1990, the district court granted summary judgment to the IAA on the claims of the individual plaintiffs, concluding that the IAA need not acquire plaintiffs' mobile homes but that it could simply pay for relocating those homes. The court's order stated that "[f]inal judgment will be entered upon the resolution of the issue of [relocation] expenses due under 49 C.F.R. Part 24, Subpart F."
 
 
 7
 On October 9, 1990, the individual plaintiffs moved for reconsideration of the September 21 order, and in the alternative, they requested that the district court certify their property acquisition claims for immediate appeal and set a hearing on their relocation claims. On March 12, 1991, the district court denied the motion for reconsideration but did not address the request for certification. Instead, the court entered a "Judgment" reiterating that Highland's two complaints had been dismissed in their entirety on February 5, 1990 and that summary judgment had been granted to the IAA and against the individual plaintiffs. The order then stated:
 
 
 8
 IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that plaintiffs take nothing by way of their complaint, that JUDGMENT be entered in favor of the defendant, and that costs be borne accordingly. This judgment does not preclude the award of relocation expenses due the plaintiffs under 49 C.F.R. Part 24, Subpart F.
 
 
 9
 After entry of the March 12, 1991 judgment, Highland moved to amend its complaints, contending that no final judgment had yet been entered. Moreover, both Highland and the individual plaintiffs asked the district court to certify certain issues for immediate appeal pursuant to Fed.R.Civ.P. 54(b).[1] The individual plaintiffs stated that certification was required because judgment on the relocation expense issue, which the parties were then negotiating, "may be delayed for an indeterminent [sic] time." (R. 55, at 2.) By April 10, 1991, the district court had not yet ruled on the pending motions, prompting both Highland and the individual plaintiffs to take "protective" appeals from the March 12, 1991 judgment. (See R. 56 & 57.)
 
 II. DISCUSSION
 
 10
 Before determining whether the March 12, 1991 judgment was final for purposes of 28 U.S.C. § 1291, we must address the IAA's argument that Highland's appeal is untimely in any event, for if the appeal is untimely, it matters not whether the March 12, 1991 judgment was final. The IAA maintains that final judgments were entered in Highland's cases on February 5, 1990, when the district court dismissed the complaints in their entirety. Thus, Highland's notice of appeal, filed on April 10, 1991, failed to meet Fed.R.App.P. 4(a)(1)' § requirement that it be submitted within thirty days after entry of the judgment or order appealed from. The IAA therefore argues that we are without jurisdiction to consider Highland's appeal. Highland responds that because the district court consolidated the three cases for all purposes, there could be no final judgment until the court resolved all claims in all cases. We agree.
 
 
 11
 In Sandwiches, Inc. v. Wendy's Int'l, Inc., 822 F.2d 707, 709 (7th Cir.1987), we explained that if two related cases "have been consolidated for all purposes," a judgment addressing only one of the cases "does not cover all claims and parties, and no one may appeal unless the district court makes the findings required by Fed.R.Civ.P. 54(b)." See also Brown v. United States, 976 F.2d 1104, 1107 (7th Cir.1992); Middleby Corp. v. Hussman Corp., 962 F.2d 614, 615 (7th Cir.1992). In Sandwiches, it was unclear to what extent the district court had intended to consolidate the two cases (822 F.2d at 709; see Brown, 976 F.2d at 1107), but here, the district court's consolidation order expressly stated that the three cases would retain their original cause numbers but that they otherwise would be considered jointly for all purposes. The court's reference to the "separate identities" of the cases in its February 5, 1990 opinion may have caused some confusion, but it did not alter the "consolidated for all purposes" order. Indeed, when the court entered judgment on May 12, 1991, it referenced all three cases, so that the judgment would address all the consolidated cases. Because the February 5, 1990 order dismissing Highland's complaints did not encompass all claims and all parties and because no Rule 54(b) judgment had been entered, Highland could not appeal--instead, it was required to wait until the claims of the individual plaintiffs also were resolved. Therefore, assuming that the May 12, 1991 judgment was final, Highland's appeal is timely.
 
 
 12
 The finality issue is a perplexing one, however, because the March 12, 1991 judgment, like the February 5, 1990 order, does not purport to resolve all claims of all parties. That judgment and the September 21, 1990 order granting summary judgment leave open the matter of relocation expenses. Indeed, the September 21 order expressly stated that "final judgment" would not be entered until the relocation expense issue had been resolved, and that had not occurred when the court entered its March 12, 1991 judgment. Between September 21, 1990 and March 12, 1991, the individual plaintiffs had filed a motion to reconsider or, in the alternative, for entry of a Rule 54(b) judgment on the property acquisition claims and to set the relocation claims for hearing. (R. 45.) The district court denied the motion to reconsider but said nothing of the request for Rule 54(b) certification. The September 21, 1990 order and the March 12, 1991 judgment are thus somewhat inconsistent in that the court purported to enter final "judgment" even when it had not yet resolved the relocation expense issue. All plaintiffs agreed that the March 12, 1991 judgment was not final, yet they took "protective" appeals when the district court had not ruled on their requests for certification. We agree with plaintiffs that the March 12, 1991 judgment was not final because it did not address the relocation expense issue nor did it certify the other issues for immediate appeal pursuant to Rule 54(b). We must accordingly dismiss Highland's appeal for lack of jurisdiction. See Cleaver v. Elias, 852 F.2d 266 (7th Cir.1988); see also Orrego v. 833 West Buena Joint Venture, 943 F.2d 730, 734 (7th Cir.1991) (earlier judgment not final where scope of relief granted by the district court unclear).
 
 
 13
 APPEAL DISMISSED.
 
 
 
 [1]
 The individual plaintiffs agreed that no final judgment had yet been entered because in the March 12, 1991 judgment, the district court left open the issue of relocation expenses and failed to address the request for Rule 54(b) certification. (R. 55.)