**HEWLETT–PACKARD COMPANY, INC., Plaintiff, Appellant,**

v.

**Helge BERG, etc., et al., Defendants, Appellees.**

**No. 94–2251.**

United States Court of Appeals, First Circuit.

Heard April 6, 1993.

Decided Aug. 3, 1995.

Richard Allan Horning with whom Horning, Janin & Harvey, Kevin P. Light, Choate, Hall & Stewart and Robert W. Sutis were on brief, for appellant.

David A. Burman, for appellees.

BOUDIN, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

BOUDIN, Circuit Judge.

Hewlett–Packard appeals from an order of the district court confirming an arbitration award rendered in a business dispute with appellees Helge Berg and Lars Skoog and rejecting Hewlett–Packard's requests for a stay of the confirmation proceeding or a declaration that it is entitled to a set-off for the award. The case presents several difficult legal issues which can be understood only after a brief description of the facts and prior proceedings.

## I. BACKGROUND

In March 1982, Apollo Computer, now owned by Hewlett–Packard, entered into a two-year distributorship contract with a

Swedish company called Dicoscan Distributed Computer Scandinavia to sell Hewlett–Packard products in several Nordic countries. The 1982 contract included an agreement to submit any dispute under the contract to binding arbitration. In March 1984, the parties executed a new distributorship contract, which also contained an arbitration clause.

In the meantime, during 1983 and 1984, Dicoscan experienced financial problems. In mid–1984, Apollo claimed that Dicoscan was far behind in its payments. In September, Apollo terminated the 1984 agreement. The following month, Dicoscan filed for bankruptcy. The bankruptcy court assigned to Berg and Skoog, directors and officers of Dicoscan, the right to bring claims against Apollo based on the contracts.

Berg and Skoog filed a request for arbitration with the International Chamber of Commerce Court of Arbitration, claiming millions of dollars of damages arising out of Apollo's unilateral termination of the 1984 agreement. Apollo counterclaimed in the arbitration by asserting that the Swedish company had failed to pay about $10,000 due on the 1984 contract and about $207,000 due under the 1982 contract. After a dispute about Berg and Skoog's right to invoke arbitration, *see Apollo Computer, Inc. v. Berg*, 886 F.2d 469, 473 (1st Cir.1989), an arbitration proceeding was begun.

The arbitrators were required by the parties' contracts to apply Massachusetts law. Ultimately, the arbitrators awarded around $700,000 plus interest to Berg and Skoog, but allowed a set-off for the $10,000 that Dicoscan still owed Apollo under the 1984 contract. To both parties' surprise, the tribunal held that it was without jurisdiction to decide Apollo's more substantial claim based on the 1982 contract, ruling that the 1982 contract was not within the Terms of Reference issued by the arbitrators at the beginning of the proceeding.

As a result, Apollo was left with a sizable obligation to Berg and Skoog on the 1984 contract without a determination of its claim for more than $207,000 on the 1982 contract. Apollo unilaterally decided to pay the arbitration award amount but subtracted the $207,000 plus interest (together, about $300,000) as a "setoff in recoupment," which, it said, is a time-honored common law doctrine embraced in Massachusetts courts. Apollo also filed a request with the tribunal for a second arbitration regarding the 1982 contract. That tribunal has indicated that it will hear the arbitration.

In January 1993, Apollo (later succeeded as the plaintiff by Hewlett–Packard) filed the complaint in this action with the Massachusetts district court. Hewlett–Packard requested that the district court (1) declare that Hewlett–Packard was entitled to the $207,000 set-off and that the arbitration award is fully satisfied, and (2) vacate the tribunal's award and correct it. Hewlett–Packard later withdrew its second claim for relief.

Berg and Skoog moved to dismiss the complaint, arguing that such declaratory relief is unavailable as to foreign arbitration awards. Later, Berg and Skoog moved for confirmation of the arbitration award. Hewlett–Packard opposed confirmation of the award on the ground that, by failing to include its 1982 set-off, the award was contrary to public policy. In the alternative, Hewlett–Packard moved to stay confirmation, pending the outcome of the second arbitration. Hewlett–Packard also asked the court to compel arbitration as to its 1982 claim.

On November 7, 1994, the district judge filed a memorandum, together with a separate order, disposing of all of these motions. The court's order compelled arbitration under the 1982 contract but it confirmed the award previously made by the tribunal on the 1984 contract. The court said that it was without power to stay the confirmation proceeding, as Hewlett–Packard had requested, and that the request for a set-off was an improper attempt to modify the tribunal's award.

Apparently ready to enforce the now-confirmed arbitration award, Berg and Skoog moved the court for entry of final judgment, and proffered a detailed judgment specifying the award, interest and attorney's fees. Four days later, Hewlett–Packard filed its notice of appeal and thereafter filed a re-

sponse disputing certain aspects of the proposed judgment. The district court has not acted on the motion for entry of final judgment; and no such judgment has been entered.

## II. DISCUSSION

Hewlett–Packard purports to appeal all three of the district court's adverse actions: the confirmation of the arbitration award, the refusal to stay that confirmation proceeding pending the outcome of the second arbitration; and the rejection of Hewlett–Packard's set-off claim declaration. Commendably, Hewlett–Packard has alerted us to a possible jurisdiction problem, which this court is obliged to consider. We do so but caution future panels that the jurisdictional problems have not been briefed in this case.

■ Nothing in the record in this case purports to be a "final judgment," set forth in a separate document as required by Fed. R.Civ.P. 58, disposing of all claims. Thus, in formal terms there is no basis for appeal of a "final decision" under 28 U.S.C. § 1291, even if the court actually resolved all of the claims before it. Indeed, as already noted, the defendants have pending a motion that requests entry of a "final judgment."

■ Nevertheless, the November 7 order, insofar as it confirms the arbitration award, is appealable now because Congress directed in the statute governing arbitration-related appeals that such an "order" confirming an award should be immediately appealable. 9 U.S.C. § 16(a)(1)(D). The reason is a pro-arbitration policy designed to expedite confirmation of arbitration awards. This is clear from precedent and scholarly commentary. See, e.g., 15B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3914.17, at 9–12, 32–34 (2d ed. 1992).

There is one technical hitch. Seemingly, the order confirming the award is not itself a judgment that can be collected through court processes until it is entered on the docket as a judgment. See 9 U.S.C. § 13. This has nothing to do with the final judgment rule; rather, the statute that governs confirmations provides that after a confirmation is ordered, a separate "entry of judgment" must be made pursuant to that order, and it is only at that stage that "[t]he judgment so entered ... may be enforced as if it had been rendered in an action in the court in which it is entered." *Id.*

Nevertheless, the Federal Rules of Civil Procedure do not say that appeals can only be taken from judgments; on the contrary, they contemplate that, subject to the complex rules that determine what is immediately appealable, there may be such a thing as an "appealable order" that is not a judgment. Fed.R.Civ.P. 79(b). And, as already noted, Congress has designated as immediately appealable "an order ... confirming ... an [arbitration] award." 9 U.S.C. § 16(a)(1)(D).

Our position is not at odds with *Middleby Corp. v. Hussmann Corp.*, 962 F.2d 614 (7th Cir.1992). *Middleby* held that no immediate appeal could be taken where the district court issued an order of confirmation but declined to enter judgment after making a specific determination to delay giving effect to the confirmation order until further proceedings were concluded. Here, by contrast, the district court denied the requested stay, and the confirmation order is immediately effective, requiring only the filing of specified papers with the clerk to permit "the entry of judgment thereon." 9 U.S.C. § 13.

■ Because the confirmation order is appealable, we think that there is also before us Hewlett–Packard's claim that the confirmation proceeding should have been stayed. The reason is simply that the underlying argument for a stay is also an objection to the confirmation order itself. To this extent, it is effectively an interlocutory ruling made in the process of approving the confirmation request and like any other such interlocutory ruling it is reviewable at the time that the confirmation order itself is brought up on appeal. *Cf. Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375, 107 S.Ct. 1177, 1181, 94 L.Ed.2d 389 (1987); 15A Wright, Miller & Cooper, *supra*, § 3905.1, at 249–63.

■ A similar argument might also be made to justify an appeal now based on the district court's refusal to declare Hewlett–Packard's right to the set-off it asserted.

The problem is complicated, but we see no need to resolve the complexities. Whether or not the refusal to allow the set-off is an appealable issue, the refusal at this time turns out not to be a legal error, so the jurisdictional issue need not be decided. *See Norton v. Mathews*, 427 U.S. 524, 530–32, 96 S.Ct. 2771, 2774–76, 49 L.Ed.2d 672 (1976); *In re Pioneer Ford Sales*, 729 F.2d 27, 31 (1st Cir.1984).

We turn now to the merits. Hewlett–Packard does not object to the confirmation of the award in all respects; it says it has paid the award except the disputed amount including interest. But Hewlett–Packard says that the district court erred by confirming the award in full instead of either allowing a set-off or granting a stay of the confirmation pending the results of the new arbitration.

■ We agree with the district court's rejection at this time of the first alternative. Whether Hewlett–Packard has a valid claim under the 1982 contract is subject to arbitration; we agree with the district court—and Hewlett–Packard—that the tribunal has never resolved the merits of that claim. Whatever the Massachusetts law on set-offs, the district court could not allow the set-off at present without determining that Hewlett–Packard had a valid claim, which is the very subject of the arbitration.

It is hard to imagine a step that would be more offensive to the pro-arbitration policies reflected in Congress' endorsement of the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, often called the New York Convention. The New York Convention was approved by Congress, and implementing legislation was codified at 9 U.S.C. §§ 201–08. The statute enlists the aid of federal courts to compel arbitration. 9 U.S.C. § 206. By contrast, the judicial set-off requested here would circumvent the 1982 contract to arbitrate and the now-pending arbitration under that contract.

■ The request to defer confirmation of the award under the 1984 contract stands on a different footing. However the case might stand absent the bankruptcy, Dicoscan's bankruptcy gives Hewlett–Packard a very substantial prudential argument. If the existing award were confirmed in full and reduced to judgment, Hewlett–Packard would have to pay the full award to the defendants as successors-in-interest of an insolvent company. If in due course Hewlett–Packard then prevailed on its claims against the insolvent company on a closely related transaction, it would have no assurance of collecting anything.

Further, Hewlett–Packard cannot be blamed for the discrepant timing in the resolution of its claim, or at least no argument to that effect has been made. After it was told that the defendants did have arbitration rights despite an anti-assignment clause in the contracts, Hewlett–Packard apparently made a reasonable effort to have both the defendants' claim and its own counterclaim resolved in one proceeding at the same time. Only the arbitrators' surprising interpretation of their mandate frustrated this attempt.

Under these circumstances, the seemingly fair solution would be to confirm the award in its uncontested part, reserving confirmation of the balance until the 1982 contract dispute is arbitrated. The district court refused to consider a stay of confirmation on the ground that it was without power to do so. We fully understand the basis for the district court's doubt about its authority, but we conclude that it does have the power to issue a stay in the peculiar circumstances of this case.

■ Ordinarily there could be no doubt that a court, although obliged to decide a claim, would retain discretion to defer proceedings for prudential reasons. Indeed, a typical reason is the pendency of a related proceeding in another tribunal. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Amer. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

The question here is whether this traditional authority is curtailed by the New York Convention and its implementing legislation. The statute provides that, upon a petition for

confirmation, a district court "*shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added). Article VI of the Convention is the only provision that deals with staying confirmation. Article VI states:

> If an application for the setting aside or suspension of the award has been made to a competent authority [in the country where the award has been made], the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award [and require a security].

The circumstances outlined in Article VI do not appear to exist in this case. The question is whether a district court may grant a stay in circumstances other than those authorized in Article VI.

■ The fact that section 207 uses the word "shall" is not decisive, because a stay is a deferral rather than refusal. But the fact that the statute refers to the Convention and the Convention lists a single ground for a stay could be taken to exclude all other grounds under the principle of *expressio unius est exclusio alterius.* That was, in substance, the reasoning of the district court. However, *expressio unius* is an aid to construction and not an inflexible rule. *See, e.g., United States v. Massachusetts Bay Transport. Auth.,* 614 F.2d 27, 28 (1st Cir.1980). Whatever we might think if the question were entirely open, precedent informs our decision in this case. Domestic arbitrations are governed by the United States Arbitration Act (chapter 1 of Title 9) but not by the Convention (chapter 2 of Title 9). The Act states that, upon application, "the court *must* grant [a confirmation] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added). But courts routinely grant stays in such cases for prudential reasons not listed in sections 10 and 11. *E.g., Middleby,* 962 F.2d at 615–16.

Similarly, this court has held that district courts have discretion to stay an action to *compel* arbitration pending the outcome of related litigation, even though the Act states that on a motion to compel the court "shall hear the parties" and "shall proceed summarily to trial." 9 U.S.C. § 4; *see Acton Corp. v. Borden, Inc.,* 670 F.2d 377, 383 (1st Cir.1982). In *Acton,* then-Judge Breyer held that, in drafting the statute, Congress did not "intend[ ] a major departure from the ordinary rule allowing one federal court to stay litigation when another federal court is on the process of deciding the same issue." We take the same view of Congress' intentions in implementing the Convention.

Of course, a stay of confirmation should not be lightly granted. A central purpose of the Convention—an international agreement to which the United States is only one of approximately one hundred signatories—was to expedite the recognition of foreign arbitral awards with a minimum of judicial interference. But the risk that the power to stay could be abused by disgruntled litigants—real though that risk is, *see Spier v. Calzaturificio,* 663 F.Supp. 871, 875 (S.D.N.Y. 1987)—argues more for a cautious and prudent exercise of the power than for its elimination.

Because the district court acted under a misapprehension of its authority, we vacate the confirmation order and remand for further proceedings. Whether confirmation or collection of the award should be partially deferred pending the resolution of the 1982 contract arbitration is a matter for the district court to determine in the first instance. Still, we think it would require some explanation if, in the face of the equities of this case, the district court concluded that the full award should be confirmed and collected now.

The confirmation order is *vacated* and the matter is *remanded* to the district court for further proceedings consistent with this opinion.