In the Matter of The **ARBITRATION BETWEEN, CPCONSTRUCTION PIONEERS BAUGESELLSCHAFT ANSTALT (LIECHTENSTEIN), Petitioner,**

v.

The **GOVERNMENT** of the **REPUBLIC OF GHANA, MINISTRY OF ROADS AND TRANSPORT, Respondent.**

**Civil Action No. 1:04–01564 (LFO).**

United States District Court, District of Columbia.

Sept. 23, 2008.

---

Colby Arnn Smith, Debevoise & Plimpton LLP, Steven S. Michaels, Leboeuf, Lamb. Greene & MacRae LLP, Washington, DC, Carl Micarelli, Donald Francis Donovan, Naana Frimpong, Roy S. Schondorf, Debevoise & Plimpton LLP, New York, NY, for Respondent.

J. Brian Cashmere, Watt Tieder Hoffar & Fitzgerald, L.L.P., McLean, VA, for Petitioner.

### MEMORANDUM

LOUIS F. OBERDORFER, District Judge.

CPConstruction Pioneers Baugesellschaft Anstalt (CPConstruction) filed a motion to reconsider this Court's August 12, 2008 Order [Dkt # 76]. After setting out the facts of this matter, the August 12 Order dismissed CPConstruction's Amended/Supplemental Petition for Confirmation of Second and Final ICC Arbitration Awards (the "Petition") without prejudice under Article VI of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention). CPConstruction seeks an amendment to the Order adjourning this matter through a stay rather than through a dismissal without prejudice. This amendment would preserve the Petition pending the outcome of the related proceedings in Ghana rather than risking that the statute of limitations would run while the matter proceeds in Ghana.

This Court's dismissal of the Petition on August 12, was a response to the Government of the Republic of Ghana, Ministry of Roads and Transport's (Ghana Ministry) request for the matter to be stayed. The Ghana Ministry did not seek a dismissal of the Petition based on Article VI. Rather, it was this Court's *sua sponte* action that dismissed the Petition without prejudice under Article VI.

Neither party disputes the fact that this Court has the authority to adjourn the proceedings pursuant to Article VI of the Convention or that staying the matter is an appropriate way to adjourn. Furthermore, by staying this matter, the Court is not extending any jurisdictional deadlines and therefore cases such as *Bowles v. Russell*, —— U.S. ——, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), are inapposite.

Therefore, upon reconsideration, a stay of the proceedings is appropriate, it achieves the purpose of the August 12, 2008 Order, and it avoids inadvertently terminating CPConstruction's substantive rights. *See Spier v. Calzaturificio Tecnica, S.p.A.,* 663 F.Supp. 871, 875 (S.D.N.Y. 1987); *Fertilizer Corp. of India v. IDI Mgmt., Inc.,* 517 F.Supp. 948, 961–62

(S.D.Ohio 1981). Accordingly, an accompanying order grants the motion to reconsider, vacates the August 12, 2008 Order, and stays the Petition.

### ORDER

Pending is Petitioner's Motion for Reconsideration pursuant to Fed.R.Civ.P. 59 of this Court's August 12, 2008 Order (titled "Motion to Amend August 12, 2008 Order") [dkt. # 77]. For the reasons given in an accompanying memorandum, it is this 23rd day of September, 2008 hereby

ORDERED: that Petitioner's Motion for Reconsideration pursuant to Fed. R.Civ.P. 59 [dkt # 77] is GRANTED; and it is further

ORDERED: that this Court's August 12, 2008 Order [dkt # 76] and the accompanying Memorandum and Opinion [dkt # 75] are VACATED.

An Amended Order and an Amended Memorandum will be filed forthwith.