SANDWICHES, INC., d/b/a Suburpia Submarine Sandwich Shoppes, Plaintiff-Appellant, Cross-Appellee,

v.

WENDY'S INTERNATIONAL, INC., Defendant-Appellee, Cross-Appellant.

Nos. 87–1451, 87–1716 and 87–1770.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 1987.

Decided June 17, 1987.

As Amended July 16, 1987.

---

**2.** Defense counsel advised Judge Strayhorn that when on stelazine, Lewis is "alert, bright, healthy." (R. 448).

Howard A. Davis, Habush, Habush & Davis, S.C., Michael J. Jassak, Thomai H. Mihal, Mihal & Steffens, S.C., Milwaukee, Wis., for plaintiff-appellant/cross-appellee.

Richard S. Florsheim, Foley & Lardner, Milwaukee, Wis., Robert E. Shumaker, for defendant-appellee/cross-appellant.

Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

There are two cases on the district court's docket. In one Wendy's International, Inc., is the plaintiff and Suburpia Submarine Sandwich Shoppes of Milwaukee, Inc., and William Drilias are the defendants. Wendy's charges Suburpia and Drilias with slander; Wendy's believes they falsely accused it of stealing a commercial belonging to Suburpia. Suburpia calls this the "Cheeseburga" commercial; Wendy's made and used two commercials that Suburpia believes are derivative. In the second case Sandwiches, Inc., is the plaintiff and Wendy's the defendant. Sandwiches, as assignee of Suburpia's interest in the commercial, accused Wendy's of infringing its copyright. Wendy's maintains that Suburpia did not have a copyright in the "Cheeseburga" commercial.

The district court consolidated the cases at Sandwiches' request and decided, on motion for summary judgment, that neither Sandwiches nor Suburpia has a copyright in the Cheeseburga commercial. 654 F.Supp. 1066 (E.D.Wis.1987). The court concluded that the creator of the commercial, rather than the advertiser, owned the rights. It dismissed Sandwiches' suit with prejudice; Wendy's suit lives on, however,

and the district court will hold a trial on its claims of slander.

■ Sandwiches, contending that this order is the "final decision" in the only case in which it is a party, has filed two appeals—one from the order, and the other from the denial of motions to modify the order. Wendy's has filed a cross appeal. Yet the order does not wind up all litigation about the Cheeseburga commercial and its fallout; it dealt with two, consolidated cases. The district court did not say to what extent the cases are consolidated; it simply referred to a local rule that governs consolidations of every kind. If the cases have been consolidated for all purposes, then the judgment does not cover all claims and parties, and no one may appeal unless the district court makes the findings required by Fed.R.Civ.P. 54(b). See *Ivanov-McPhee v. Washington National Insurance Co.*, 719 F.2d 927 (7th Cir.1983).

If the cases have not been fully consolidated, however, Sandwiches presumptively may appeal on the ground that all claims in a stand-alone suit have been disposed of. Things are not that simple, though. Suburpia is in bankruptcy; the trustee sold Suburpia's assets and business to Sandwiches. Suburpia maintains an independent existence, however; it and not Sandwiches will be called on to compensate Wendy's for any torts. The district court's order on the motion for summary judgment declares that Suburpia had no copyright to transfer. This is why the court declared that Sandwiches has no copyright. The disposition of Sandwiches' copyright claim derives from Suburpia's. The only declaration unique to Sandwiches' suit is that Sandwiches got no more than Suburpia had. If Sandwiches appealed now, the decision in Wendy's suit that Suburpia had no copyright to transfer would remain in force; Suburpia cannot appeal without a Rule 54(b) judgment; only when the litigation between Suburpia and Wendy's ends may the case be resolved fully on appeal.

■ The link between the legal positions of Suburpia and Sandwiches suggests that the cases are sufficiently closely related that they should be *treated as* consolidated for all purposes, even if that was imperfectly accomplished. This is the course this court followed in *Ivanov-McPhee*. Sandwiches says that this will force it to wait another year to have its claims resolved on appeal, which is inefficient and unjust. Yet delay is inevitable, given the inability of either Suburpia or Drilias to appeal now, and the link between the claims. Moreover, Sandwiches is free to seek to shorten the delay by convincing the district judge to enter a Rule 54(b) judgment. Even this would not necessarily supply appellate jurisdiction if the cases in the district court are sufficiently related to those covered by the Rule 54(b) judgment. See *United States General, Inc. v. Albert*, 792 F.2d 678 (7th Cir.1986). The district court would have to analyze this case closely to see whether the standard of *Albert* is met. Our court has insisted that only parties (and claims) whose legal and factual positions are distinct may appeal on a partial final judgment under Rule 54(b). E.g., *FDIC v. Elefant*, 790 F.2d 661 (7th Cir. 1986); *Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698, 701–02 (7th Cir.1984); *A/S Apothekernes Laboratorium for Specialpraeparater v. I.M.C. Chemical Group, Inc.*, 725 F.2d 1140 (7th Cir.1984) (collecting cases). The issues must be sufficiently separate that the court may deal with one appeal confident that the same problem will not recur on a later appeal in the same case. The principles restricting the number of interlocutory appeals apply as well to determining whether cases have been so consolidated that an appeal *is* interlocutory.

We do not think this approach collides with the statement in *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933), that consolidated cases remain separate for purposes of identifying who is a party—and therefore who may appeal. *Ivanov-McPhee* shows that there are several kinds of consolidations. See also 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2382 and 2386 (1971). Generalizations that assume all consolidations are of one flavor do not al-

ways carry the day. We doubt, moreover, that the Supreme Court adheres to all of the language in *Johnson*. In *Synar v. United States*, 626 F.Supp. 1374 (D.D.C.) (three-judge court), affirmed, —— U.S. ——, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986), two suits were filed challenging the constitutionality of a statute. The district court, citing *Johnson*, see 626 F.Supp. at 1379, concluded that it had to decide whether each was an Article III case or controversy, which entailed a look at the standing of each set of plaintiffs. Yet the Supreme Court, without mentioning *Johnson*, stated that the consolidation of the cases in the district court made it unnecessary to decide whether the plaintiffs in one of the cases had standing, 106 S.Ct. at 3186; it then resolved both cases on the merits. See also *Secretary of the Interior v. California*, 464 U.S. 312, 319 n. 3, 104 S.Ct. 656, 660 n. 3, 78 L.Ed.2d 496 (1984), which like *Synar* treated consolidation as eliminating the need for an independent Article III case or controversy in each suit. We need not say that these cases have overruled *Johnson* in silence to conclude that "consolidations" in a district court merge the case for at least some jurisdictional matters. Here the subjects of the two cases are intertwined, and there is no point in resolving the copyright issues with respect to Sandwiches when the same issues with respect to Suburpia remain in the district court.

The final judgment rule, and the limits on the propriety of entering Rule 54(b) judgments, are designed in part to ensure that a single set of factual and legal questions comes before the court of appeals but once—and then only after all closely related issues have been resolved in the district court. See *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 624 (7th Cir.1986); *Elefant; Albert;* and *I.M.C. Chemical.* An appeal by Sandwiches now would create a substantial risk that the issues would return on a later appeal by Suburpia or Drilias; deferring the appeal will allow the copyright issues to be resolved on appeal with knowledge of the consequences of their resolution. The principles behind the final decision rule call for treating this appeal as premature.

This is not an ideal solution. If Sandwiches had not moved to consolidate the cases, it could appeal notwithstanding the link between them. The result would be the same if the cases clearly had been consolidated only for discovery. So our conclusion appears to make jurisdiction turn on an irrelevancy. But some effects of this sort are inevitable: had Wendy's named Sandwiches as well as Suburpia as a defendant in the initial suit, Sandwiches unquestionably could not appeal. *Ivanov-McPhee* commits this court to a ground between that of the First Circuit, which for purposes of appellate jurisdiction treats all consolidated cases as separate, see *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439 (1st Cir.1972), and that of the Ninth Circuit, which treats cases consolidated for any purpose as a single case, see *Huene v. United States*, 743 F.2d 703 (9th Cir.1984). Each bright-line rule has its attractions and its difficulties. Our approach looks to the purposes of the final decision rule and allows an appeal without a Rule 54(b) judgment only when the parties and questions readily are distinct. None of the three rules will work best all the time, so we shall stick with the one we have. Perhaps an amendment to Rule 54 (or the rules dealing with consolidations) would make cases of this character easier; until then we hope district judges will heed the request of *Ivanov-McPhee* to specify clearly the extent to which the cases have been consolidated.

 Wendy's cross appeal challenges the district court's decision not to award it attorneys' fees as a "prevailing party" under the copyright laws. Although the merits and awards of fees are separate decisions, separately appealable, see *Exchange National Bank v. Daniels*, 763 F.2d 286 (7th Cir.1985); *Budinich v. Beckton Dickinson & Co.*, 807 F.2d 155 (10th Cir.1986), so that a party may appeal the judgment even though a request for fees is pending (and must do so if it wants review of the merits), it does not follow that a party may appeal an adverse decision about fees even though the merits are pending. See *Mulay Plastics, Inc. v. Grand Trunk Western*

*R.R.,* 742 F.2d 369 (7th Cir.1984) (no separate appeal on fees awarded against a party as a sanction); *Palmer v. City of Chicago,* 806 F.2d 1316 (7th Cir.1986) (interlocutory appeal possible on award of "interim" fees only if there is a substantial chance that a party prevailing on appeal would be unable to retrieve the award). The denial of a request for fees as a "prevailing party" is not appealable when the merits are not appealable, for questions about who has prevailed cannot intelligently be resolved in advance of the merits. Decisions about fees are separate "final decisions" under § 1291 only after there is a judgment on the merits that would be "final" but for the matter of fees. That may produce two final orders, independently appealable. Here there is none.

All three appeals are dismissed for want of jurisdiction.