Thomas R. Leske, Plaintiff-Appellant,

v.

John A. Leske, Jean M. Leske, and Arctic Ice Co., Inc.,
Defendants-Respondents.

Court of Appeals

*No. 93–2838. Submitted on a motion December 16,
1993.—Decided May 19, 1994.*

(Also reported in 517 N.W.2d 538.)

For the plaintiff-appellant the cause was submitted on the motion of *Joseph J. Beisenstein* and *Robert Duimstra* of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.* of Appleton.

For the defendants-respondents the cause was submitted on the motion of *Edwin J. Hughes* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

PER CURIAM. Thomas R. Leske (Leske) commenced an action against John A. Leske, Jean M. Leske and Arctic Ice Company (Arctic) alleging, among other claims, that Arctic had misappropriated trade secrets. In its counterclaim, Arctic alleged that Leske's misappropriation-of-trade-secrets claim was asserted in bad faith. Arctic sought reasonable attorney's fees as allowed by the Uniform Trade Secrets Act, § 134.90(4)(c), STATS. Arctic also sought costs and attor-

ney's fees under § 814.025, STATS., the frivolous claim statute.

The trial court granted partial summary judgment in favor of Arctic, dismissing three of Leske's five causes of action, including the misappropriation-of-trade-secrets claim. Pursuant to the parties' stipulation, the trial court then dismissed Leske's remaining claims. Leske filed a notice of appeal from the dismissal order and seeks appellate review of the summary judgment ruling. Arctic's counterclaim seeking fees and costs under §§ 134.90(4)(c) and 814.025, STATS., remains pending.

Arctic moves to dismiss the appeal as brought from a nonfinal order. Because its counterclaim is unresolved, Arctic suggests that the entire matter in litigation has not been disposed of. *See Brownsell v. Klawitter,* 99 Wis. 2d 407, 410, 299 N.W.2d 292, 294 (Ct. App. 1980), *aff'd,* 102 Wis. 2d 108, 306 N.W.2d 41 (1981). Arctic acknowledges, however, that an argument for finality can be made under *ACLU v. Thompson,* 155 Wis. 2d 442, 455 N.W.2d 268 (Ct. App. 1990), and states that its motion is made "to forestall any possible argument that [it has] abandoned [its] counterclaim." We conclude that because the unresolved claims are made under fee-shifting statutes, and, under *ACLU,* the pendency of such claims does not preclude finality, the order appealed from is final.

Only a final judgment or order can be appealed as of right, and this court lacks jurisdiction over an appeal brought from a nonfinal judgment or order. Section 808.03(1), STATS. A judgment or order is final if it disposes of the entire matter in litigation as to one or more of the parties. *Id.* A judgment or order dismissing a

complaint is not final if a counterclaim between the parties remains unresolved. *Brownsell,* 99 Wis. 2d at 410, 299 N.W.2d at 294. Because Arctic's request for costs and attorney's fees under §§ 134.90(4)(c) and 814.025, STATS., is contained in a counterclaim, *Brownsell* suggests that the order is not final and the appeal should be dismissed. Subsequent case law, however, compels further inquiry.

In *ACLU,* the issue was whether a judgment disposing of the plaintiffs' claim under 42 U.S.C. § 1983 was final when a request for costs and attorney's fees under 42 U.S.C. § 1988, made in the plaintiffs' complaint, remained unresolved. *ACLU,* 155 Wis. 2d at 444, 455 N.W.2d at 269. We held that the judgment was final, despite the pendency of the attorney's fees issues. We rejected the argument that because an affirmative claim for relief made in the pleadings had not been disposed of, the judgment was not final. *Id.* at 446, 455 N.W.2d at 270. We noted that a judgment of foreclosure is final and appealable as of right even though a subsequent judicial confirmation proceeding is necessary to resolve all of the claims between the parties.[1] We noted that confirmation is " 'analogous to the execution of a judgment and simply enforce[s] the parties' rights which have been adjudicated.' " *Id.* (alteration in original) (*quoting Anchor Sav. & Loan Ass'n v. Coyle,* 148 Wis. 2d 94, 101, 435 N.W.2d 727, 730 (1989)).

We said that a claim for costs and attorney's fees under § 1988 was comparable to "execution on a judgment and confirmation of a foreclosure sale . . . . In each

---

[1] For example, a foreclosing plaintiff's claim for a deficiency judgment cannot be resolved until after confirmation because the amount of the deficiency cannot be ascertained until the sale price is approved in the confirmation order.

instance, the merits of the underlying action have been completely adjudicated by the trial court. . . . [And e]ach matter is related to but separate from the underlying action." *ACLU,* 155 Wis. 2d at 447, 455 N.W.2d at 270. We also noted that a § 1988 award is not compensation for the injury and is "uniquely separable" from the underlying cause of action. *Id.*

Finally, we noted in *ACLU* that multiple appeals could result both when § 1988 attorney's fees are awarded before judgment and when the question is deferred until after an appeal from the judgment. *ACLU,* 155 Wis. 2d at 448, 455 N.W.2d at 271. Thus, the policy against multiple appeals did not influence our holding. We were influenced, however, by the potential time savings for the trial court if a fee request under § 1988 is deferred until after the appeal on the underlying § 1983 judgment.

> If the plaintiff prevails at trial, either party appeals, and the defendant prevails on appeal, the fee issue is moot and the trial court saves the time it would have devoted to awarding fees to plaintiff. If plaintiff prevails on appeal, the trial court can dispose of plaintiff's trial and appellate fees in a single hearing.

*Id.*

Thus, *ACLU* suggests that the nonresolution of an issue raised in the parties' pleadings does not preclude finality if the issue concerns a claim for fees and costs that is contingent upon the merits of the underlying action.

We conclude that *ACLU* controls this case. While our *ACLU* opinion did not expressly discuss *Brownsell,* we blurred the "bright line" drawn in *Brownsell.* The *Brownsell* court simply focused on the pendency of an

unresolved claim. In *ACLU*, a claim for relief asserted in the complaint remained unresolved. We held in *ACLU* that the nature of the unresolved claim was determinative. The nature of the unresolved claims in this case is the same as in *ACLU*. Like a § 1988 claim, the unresolved claims in this case involve fee-shifting statutes. We conclude that the summary judgment order is appealable as of right, despite the fact that Arctic's counterclaim has not been resolved.

■

*Brownsell's* focus on the pleadings leads to a clear-cut rule. Application of the rule becomes problematic, however, when a fee-shifting statute applies. Claims under many fee-shifting statutes, including 42 U.S.C. § 1988 and § 814.025, STATS., need not be raised in a pleading. For example, a finding of frivolousness under § 814.025 may be made "at any time during the proceedings or upon judgment." The statute does not establish a time limit for a party's request, and a trial court may find frivolousness on its own motion. This court has seen § 814.025 requests raised in a counterclaim, as done by Arctic, in an answer as an affirmative defense, and by motion filed after the trial court has addressed merits of the litigation. If *Brownsell* were dispositive, only the first circumstance would result in a nonfinal judgment. Yet in all three situations the fee question remains to be answered by the trial court. *ACLU* provides the better rule: the pendency of a claim for attorney's fees under a specific fee-shifting statute does not render a judgment or order nonfinal, provided that the judgment or order disposes of all of the substantive causes of action between the parties.

■

We conclude that the order appealed from by Leske is final and appealable as of right. Therefore, we

deny the motion to dismiss. The court has jurisdiction over the appeal.

*By the Court.*—Motion denied.