Terry and Cathy L<small>AUBE</small>, and Richard and Harriet Laube, Plaintiffs-Respondents,

v.

C<small>ITY OF</small> O<small>WEN</small>, Defendant-Appellant.†

Court of Appeals

*No. 96–2717. Submitted on briefs November 11, 1996.—Decided February 13, 1997.*

(Also reported in 561 N.W.2d 785.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the motion of *Richard J. Weber* of *Kelley, Weber, Pietz & Slater* of Wausau.

For the plaintiff-respondent the cause was submitted on the brief of *Alan Marcuvitz* and *Andrea H. Roschke* of *Weiss, Berzowski, Brady & Donahue* of Milwaukee.

Before Vergeront, Roggensack and Deininger, JJ.

PER CURIAM. Respondents Terry and Cathy Laube and Richard and Harriet Laube move to dismiss part of this appeal by the City of Owen. The issue is whether an order on the merits of a condemnation action under ch. 32, STATS., is final, for purposes of appeal, even though a request for an award of litigation expenses under § 32.28, STATS., remains pending. We conclude the order is final. Therefore, we grant the motion to dismiss.

The issue in this case concerns the finality of a judgment or order for purposes of appeal. An appeal of right can only be taken from a final judgment or order,

that is, one that disposes of the entire matter in litigation as to one or more parties. Section 808.03(1), STATS.[1]

■

We have held that a judgment disposing of a claim under 42 U.S.C. § 1983 is final even though a request for costs and attorney fees under 42 U.S.C. § 1988 remains pending. *ACLU v. Thompson*, 155 Wis. 2d 442, 445-48, 455 N.W.2d 268, 270-71 (Ct. App. 1990). We extended that holding to include other statutes in *Leske v. Leske*, 185 Wis. 2d 628, 517 N.W.2d 538 (Ct. App. 1994). We stated the rule as follows: "[T]he pendency of a claim for attorney's fees under a specific fee-shifting statute does not render a judgment or order nonfinal, provided that the judgment or order disposes of all of the substantive causes of action between the parties." *Id.* at 633, 517 N.W.2d at 540.

■

The Laubes brought this action under § 32.05(5), STATS., to challenge the City's right to condemn their property. In a September 1995 order, the circuit court concluded that the City did not have the right to condemn the property. The order also held that the Laubes are entitled to "litigation expenses" under § 32.28(3)(b), STATS. Such an award includes reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court. Section 32.28(1).

The September 1995 order stated that if the parties could not agree on the amount, the court would hold a hearing. The City did not appeal from that order. The court set the amount of litigation expenses in a

---

[1] This statute was modified in form, but not substance, by 1995 Wisconsin Act 139, effective March 12, 1996.

July 1996 order. The City filed a timely notice of appeal from the July 1996 order. The notice states the City is appealing from both the September 1995 and July 1996 orders.

The Laubes move to dismiss that part of the City's appeal relating to the September 1995 order.[2] Relying on *ACLU* and *Leske*, they argue that the order was final, and therefore should have been appealed earlier, even though the litigation expense issue was still pending. If the September 1995 order was final, the present appeal does not bring that order before us because an appeal from a later judgment or order raises only prior nonfinal decisions. RULE 809.10(4), STATS.

The City argues that *ACLU* and *Leske* should be limited to cases where it is feasible to draw a clear line between the substantive merits of the case and how much should be awarded in attorney fees. That cannot be done here, the City argues, because the City will argue the Laubes are not entitled to a full recovery of litigation expenses because five out of their six arguments challenging the condemnation failed. Thus, the decision on the expense amount requires a court to delve into the merits of the condemnation challenge itself.

We reject this argument. Even if a decision on the expenses is intertwined with the merits of the case, that does not make the situation different from other attorney fee cases. Any time attorney fees are requested, the opposing side may dispute the necessity

----

[2] The City asks us to hold the motion in abeyance and allow the City to respond further in its brief on appeal. We decline to do so. One purpose of the motion is to limit the issues for appeal. If we delay decision on a motion which is ultimately meritorious, the Laubes will be forced to address unnecessary issues over which we do not have jurisdiction.

of some of the work requiring the court to consider the merits of the case. Nothing in *ACLU* or *Leske* suggests that the finality of an order on the merits might depend on the kind of analysis that will be necessary to resolve the fee issue. Furthermore, such a conclusion would cause difficulties in practice because it would leave potential appellants uncertain of whether the order on the merits is appealable until after the specific fee issues become clear.

█ The City also argues that *ACLU* and *Leske* should be construed narrowly unless several statutes, including § 808.03(1), STATS., governing finality, are amended to reflect the results of those cases. However, at this point the statutory language is not at issue. We interpreted that statute in *ACLU* and *Leske*, and the question now is whether that interpretation should apply here. Even if we were to agree that those decisions should be construed narrowly, it would be arbitrary to draw the line in this case. The attorney fees in *ACLU* and *Leske* are not so different from the fees recoverable under ch. 32, STATS., that a different result would be justified. Therefore, we grant the motion.

*By the Court.*—Motion to dismiss granted.