KENOSHA PROFESSIONAL FIREFIGHTERS, LOCAL 414,
IAFF, AFL-CIO and Alan M. Horgen,
Petitioners-Appellants-Petitioners,

v.

CITY OF KENOSHA and Steve Stanczak,
in his capacity as Personnel Director of
the City of Kenosha and Custodian of its
Personnel Records, Respondents-Respondents.

Supreme Court

No. 2007AP1198. *Oral argument February 3, 2009.*
*—Decided June 17, 2009.*

2009 WI 52

(Also reported in 766 N.W.2d 577.)

For the petitioners-appellants-petitioners there were briefs by *Jeffrey P. Sweetland* and *Hawks Quindel Ehlke & Perry, S.C.,* Milwaukee, and oral argument by *Jeffrey P. Sweetland.*

For the respondents-respondents there was a brief by *Matthew A. Knight,* assistant city attorney and the *City of Kenosha,* Kenosha, and oral argument by *Matthew A. Knight.*

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. We review an unpublished decision of the court of appeals dismissing for lack of jurisdiction an appeal from two decisions of the Circuit Court for Kenosha County, Wilbur W. Warren, III, Judge.[1] Kenosha Professional Firefighters, Local 414, IAFF, AFL-CIO, and Alan M. Horgen (collectively "the firefighters") appealed to the court of appeals from a January 19, 2007, decision of the circuit court denying the firefighters' application for attorney fees, statutory damages, and costs, as well as from an April 26, 2007, decision of the circuit court denying the firefighters' motion to reconsider the January 19, 2007, decision. The firefighters brought their appeal to the court of appeals pursuant to Wis. Stat. § 808.03(1) (2005–06),[2] governing appeals as of right from final judgments or orders of the circuit court.[3]

---

[1] *Kenosha Prof'l Firefighters v. City of Kenosha,* No. 2007AP1198, unpublished slip op. (Wis. Ct. App. May 28, 2008).

[2] All subsequent references to the Wisconsin Statutes are to the 2005–06 version unless otherwise indicated.

[3] Wisconsin Stat. § 808.03(1) provides in full as follows:

Appeals as of right. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding, and that is one of the following:

¶ 2.    The court of appeals determined (1) that the circuit court's January 19, 2007, decision represented its final order denying the firefighters' application for attorney fees, statutory damages, and costs; (2) that the firefighters failed to appeal timely from that final order; and (3) that the court of appeals therefore lacked jurisdiction to review the January 19, 2007, decision and the issues decided therein.[4] The court of appeals also concluded that under *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 197 N.W.2d 752 (1972), the firefighters have no right of appeal from the circuit court's April 26, 2007, decision denying the firefighters' motion for reconsideration.[5]

¶ 3.    The City of Kenosha agrees with the court of appeals and argues that the firefighters' appeal to the court of appeals was tardy. The City urges that the

---

(a) Entered in accordance with s. 806.06(1)(b) or 807.11(2).

(b) Recorded in docket entries in ch. 799 cases.

(c) Recorded in docket entries in traffic regulation cases prosecuted in circuit court if a person convicted of a violation may be ordered to pay a forfeiture.

(d) Recorded in docket entries in municipal ordinance violation cases prosecuted in circuit court.

A separate provision, Wis. Stat. § 808.03(2), governs permissive appeals from interlocutory judgments or orders of the circuit court. Section 808.03(2) is not at issue in the present case.

[4] *See* Wis. Stat. § (Rule) 809.10(1)(e) ("The notice of appeal must be filed within the time specified by law. The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal.").

[5] In *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 26, 197 N.W.2d 752 (1972), this court held that "although a party may move the trial court to reconsider its orders or judgments . . . [the party] must present issues other than those determined by the order or judgment for which review is requested in order to appeal from the order entered on the motion for reconsideration."

circuit court's January 19, 2007, decision was a final order and that the appeal from that decision was too late. It also argues that pursuant to the *Ver Hagen* case, the circuit court's April 26, 2007, decision did not extend the time for appeal.

¶ 4.  The firefighters agree with the City that the court of appeals should have dismissed the appeal. The firefighters argue, however, that the dismissal should be without prejudice. Consistent with their position in the court of appeals, the firefighters contend that the two circuit court decisions from which they appealed to the court of appeals are not final judgments or final orders for purposes of appeal. They reason that the circuit court's two decisions relating to attorney fees, statutory damages, and costs cannot be final because the circuit court has not yet entered a final, appealable judgment or final order disposing of the firefighters' underlying litigation against the City relating to the release of public records. Under the firefighters' reasoning, their appeal should be dismissed without prejudice so that the firefighters may appeal again upon entry of final judgments or orders disposing of the underlying litigation and the firefighters' request for fees, damages, and costs. According to the firefighters, although their appeal was properly dismissed, the court of appeals erred in dismissing their appeal with prejudice.

¶ 5.  We therefore state the issue on review as follows: Should the firefighters' appeal be dismissed as tardy or as premature? In other words, should the firefighters' appeal be dismissed with prejudice or without prejudice?

¶ 6.  In response to the issue on review, we conclude for two related reasons that the January 19, 2007, and April 26, 2007, circuit court decisions from which the firefighters appealed are not final judgments or

633

final orders for purposes of appeal under Wis. Stat. § 808.03(1). First, the decisions do not dispose of the entire matter of attorney fees, statutory damages, and costs in litigation between the parties. Second, because the circuit court has not entered a final, appealable judgment or order disposing of the firefighters' underlying litigation against the City relating to the release of public records, the circuit court's decisions relating to attorney fees, statutory damages and costs should not be accorded the status of final judgments or final orders for purposes of appeal.

¶ 7. Accordingly, we conclude that the court of appeals erred in dismissing the firefighters' appeal with prejudice. The appeal should have been dismissed without prejudice. The firefighters may appeal under Wis. Stat. § 808.03(1) when the circuit court enters final judgments or orders disposing of the firefighters' underlying litigation against the City and the firefighters' request for fees, damages and costs. We remand the cause to the circuit court for further proceedings not inconsistent with this opinion.

I

¶ 8. We briefly state the facts relevant to the issue on review.

¶ 9. The firefighters petitioned the circuit court for a peremptory writ of mandamus compelling the City of Kenosha and Steve Stanczak, in his capacity as Personnel Director of the City of Kenosha and custodian of its personnel records (collectively "the City"), to disclose certain public records pursuant to Wis. Stat. § 19.37(1)(a).[6] On April 27, 2006, a peremptory writ of mandamus was entered stating that "it is ordered,

---

[6] Wisconsin Stat. § 19.37(1) provides in relevant part as follows:

adjudged and decreed" that the firefighters' petition for mandamus be granted subject to limitations stated in the peremptory writ.

¶ 10.  The writ compelled the City to disclose most of the records sought by the firefighters. It did not, however, grant or deny the firefighters' petition insofar as the firefighters sought disclosure of a set of "matrix scores" that, according to the City, had been destroyed by a third-party contractor in the ordinary course of business. In the peremptory writ the circuit court requested the City and the custodian of the records to file affidavits based on personal knowledge that the matrix scores were destroyed before the firefighters requested them and that the custodian has no information as to how the destroyed material can be retrieved. The peremptory writ also states that the City concedes that the matrix scores constitute public records and that the circuit court retains jurisdiction for the purpose of determining whether further discovery may be had with respect to the existence of the matrix scores.

¶ 11.  After the writ was entered, the City provided affidavits on October 26, 2006, and November 9, 2006, relating to the destruction of the matrix scores. No further order or judgment was entered by the circuit court relating to the matrix scores or any other public records matter that was the substance of the peremptory writ.

---

**Mandamus.** If an authority withholds a record or a part of a record or delays granting access to a record or part of a record after a written request for disclosure is made, the requester may pursue either, or both, of the alternatives under pars. (a) and (b).

(a) The requester may bring an action for mandamus asking a court to order release of the record. The court may permit the parties or their attorneys to have access to the requested record under restrictions or protective orders as the court deems appropriate. . . .

635

¶ 12. On August 4, 2006, the firefighters applied for an award of attorney fees, statutory damages, and costs pursuant to Wis. Stat. § 19.37(2)(a).[7] The City opposed the application, arguing among other things that the firefighters' application was untimely under Wis. Stat. § 806.06(4).[8] The City contended that Wis. Stat. § 806.06(4) required the firefighters to file their application no more than 30 days after the entry of the April 27, 2006, writ of mandamus.

¶ 13. On January 19, 2007, the circuit court issued a decision denying the firefighters' application for attorney fees, statutory damages, and costs, agreeing with the City that the application was untimely under Wis. Stat. § 806.06(4). The circuit court's written decision relating to the costs and fees stated in relevant part: "Petitioner's application for costs and fees is denied."

---

[7] Wisconsin Stat. § 19.37(2)(a) provides in relevant part that "the court shall award reasonable attorney fees, damages of not less than $100, and other actual costs to the requester if the requester prevails in whole or in substantial part in any action filed under [s. 19.37(1)] relating to access to a record or part of a record under s. 19.35 (1) (a)."

[8] Wisconsin Stat. § 806.06(4) provides in full as follows:

A judgment may be rendered and entered at the instance of any party either before or after perfection. If the party in whose favor the judgment is rendered causes it to be entered, the party shall perfect the judgment within 30 days of entry or forfeit the right to recover costs. If the party against whom the judgment is rendered causes it to be entered, the party in whose favor the judgment is rendered shall perfect it within 30 days of service of notice of entry of judgment or forfeit the right to recover costs. If proceedings are stayed under s. 806.08, judgment may be perfected at any time within 30 days after the expiration of the stay. If the parties agree to settle all issues but fail to file a notice of dismissal, the judge may direct the clerk to draft an order dismissing the action. No execution shall issue until the judgment is perfected or until the expiration of the time for perfection, unless the party seeking execution shall file a written waiver of entitlement to costs.

¶ 14. The firefighters moved for reconsideration of the circuit court's January 19, 2007, decision. The circuit court denied the firefighters' motion for reconsideration in a written decision entered April 26, 2007. The circuit court's April 26, 2007, decision stated in relevant part that "[a]fter reconsideration, the Petitioner's application for costs and fees remains denied."

¶ 15. The firefighters appealed from the circuit court's January 19, 2007, decision denying their application for attorney fees, statutory damages, and costs, as well as from the circuit court's April 26, 2007, decision denying the firefighters' motion to reconsider the January 19, 2007, decision. The firefighters did not and could not appeal from the peremptory writ of mandamus entered on April 27, 2006, which was in their favor.[9] A final judgment or final order pertaining to fees or costs may be appealed separately from any appeal of the merits of the underlying dispute.[10]

[9] A party cannot appeal from a judgment or order that is in its favor. *See Mut. Serv. Cas. Ins. Co. v. Koenigs,* 110 Wis. 2d 522, 526, 329 N.W.2d 157 (1983) ("Prior to the reorganization of the court system in 1977 and the consequent revision in the rules and statutes of appellate procedure, sec. 817.10, Stats., provided any judgment or order was reviewable by a 'party aggrieved.' This provision was omitted from the 1977 revision, because it was considered merely to state a fundamental and well understood concept upon which standing to appeal was predicated: 'The elimination of the phrase in the revisions of the statutes and rules was not intended to change the concept that a person had to be aggrieved by a judgment or order before he could appeal.' Martineau and Malmgren, *Wisconsin Appellate Practice,* sec. 601 (1978).").

[10] *See, e.g., Laube v. City of Owen,* 209 Wis. 2d 12, 561 N.W.2d 785 (Ct. App. 1997) (dismissing as untimely the City of Owen's appeal from an order disposing of the merits of the

¶ 16. In their docketing statement to the court of appeals, the firefighters represented that the appeal was taken from two final judgments or final orders. The court of appeals ordered the parties to submit memoranda addressing the jurisdictional issue of whether either of the two circuit court decisions from which the firefighters appealed is "final" within the meaning of Wis. Stat. § 808.03(1). It also ordered the parties to address whether the April 27, 2006, peremptory writ of mandamus is final.

¶ 17. Notwithstanding their representation in the docketing statement, the firefighters argued in their memorandum to the court of appeals that "[n]o final judgment or order has been filed in this case[.]" The firefighters contended that neither the circuit court's January 19, 2007, decision nor its April 26, 2007, decision is final for purposes of appeal. The firefighters therefore urged the court of appeals to dismiss the appeal.

¶ 18. The court of appeals concluded that the circuit court's January 19, 2007, decision denying the firefighters' application for attorney fees, statutory damages, and costs is a final order and that the firefighters' appeal from that decision filed more than 90 days after entry of the decision was untimely. The court of appeals also concluded that the circuit court's April 26, 2007, decision denying the firefighters' motion for

---

condemnation litigation, which was a final order, but permitting the City to proceed with its appeal from a subsequent order requiring the City to reimburse the Laubes' litigation expenses). *See also Leske v. Leske,* 185 Wis. 2d 628, 633, 517 N.W.2d 538 (Ct. App. 1994) ("[T]he pendency of a claim for attorney's fees under a specific fee-shifting statute does not render a judgment or order nonfinal, provided that the judgment or order disposes of all the substantive causes of action between the parties.").

reconsideration did not decide any new issues and that under *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 26, 197 N.W.2d 752 (1972), the firefighters therefore have no right of appeal from the April 26, 2007, decision. The court of appeals therefore concluded that it lacked jurisdiction over any part of the firefighters' appeal. The court of appeals did not determine whether the April 27, 2006, peremptory writ of mandamus entered by the circuit court was a final judgment or final order.

## II

¶ 19.  We now address the issue on review, namely whether the firefighters' appeal should be dismissed with or without prejudice.

¶ 20.  In order to resolve this issue we must determine whether either of the two circuit court decisions from which the firefighters appealed is a final judgment or order for purposes of Wis. Stat. § 808.03(1). The question whether a document is a final judgment or order presents an issue of law that this court reviews independently of the court of appeals and circuit court but benefiting from their analyses.[11]

¶ 21.  Wisconsin Stat. § 808.03(1) defines a "final" judgment or final order from which appeal may be taken as a matter of right. It provides in relevant part that "[a] final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties . . . ."

¶ 22.  The statute's requirement that a final judgment or final order "dispose" of the entire matter in litigation has frequently distressed the Wisconsin

---

[11] *See Sanders v. Estate of Sanders,* 2008 WI 63, ¶ 21, 310 Wis. 2d 175, 750 N.W.2d 806.

courts.[12] In two recent cases, *Tyler v. Riverbank,* 2007 WI 33, 299 Wis. 2d 751, 728 N.W.2d 686, and *Wambolt v. West Bend Mutual Insurance Co.,* 2007 WI 35, 299 Wis. 2d 723, 728 N.W.2d 670, the court attempted to clarify the statutory text.

■■

¶ 23. *Tyler* and *Wambolt* teach that in order to "dispose" of the entire matter of litigation as to one or more parties and to constitute a final judgment or final order under Wis. Stat. § 808.03(1), a circuit court's decision must contain "an explicit statement either dismissing the entire matter in litigation as to one or more parties or adjudging the entire matter in litigation as to one or more parties. Focusing on the existence of an explicit statement will clarify when a document disposes of the entire matter in litigation and is final for purposes of appeal."[13] Furthermore, a circuit court cannot dispose of the entire matter in litigation merely

---

[12] *See Tyler v. Riverbank,* 2007 WI 33, ¶¶ 16–17, 299 Wis. 2d 751, 728 N.W.2d 686 ("[C]onfusion remains as parties and courts attempt to identify the § 808.03(1) document. . . . A common area of confusion . . . is the meaning of the term 'dispose.' "); *Wambolt v. West Bend Mut. Ins. Co.,* 2007 WI 35, ¶ 15, 299 Wis. 2d 723, 728 N.W.2d 670 (Although "[a]ppeals pursuant to Wis. Stat. § 808.03(1) are a fundamental aspect of litigation in this state . . . the question of what constitutes a final order or final judgment from which a party may appeal continues to arise.").

[13] *Tyler,* 299 Wis. 2d 751, ¶ 3.

*See also id.,* ¶ 17 ("A court disposes of the entire matter in litigation in one of two ways: (1) by explicitly dismissing the entire matter in litigation as to one or more parties or (2) by explicitly adjudging the entire matter in litigation as to one or more parties."); *Wambolt,* 299 Wis. 2d 723, ¶ 39 ("[I]n order to 'dispose' of the matter under § 808.03(1), a memorandum decision must contain an explicit statement either dismissing the

by deciding all the substantive issues presented by the matter: " 'Deciding' a case in the sense of merely analyzing legal issues and resolving questions of law does not dispose of an entire matter in litigation as to one or more parties."[14] Explicit language dismissing or adjudging the matter in litigation is required in the circuit court's decision to render that decision a final judgment or final order for purposes of appeal.[15]

¶ 24. In *Tyler*, for example, we determined that the circuit court's order denying Tyler's post-trial motions did not dispose of the entire matter in litigation because although it "include[d] a series of motion denials and findings to support them, it [did] not include any language related to the disposal of Tyler's claims."[16] The Tyler court concluded that a judgment stating in

entire matter in litigation or adjudging the entire matter in litigation as to one or more parties[.]'").

[14] *Wambolt,* 299 Wis. 2d 723, ¶ 34. *See also Tyler,* 299 Wis. 2d 751, ¶ 17 ("To define 'dispose' in the negative, a court merely addressing, or deciding, substantive issues is not enough to qualify as disposing of them.").

[15] *Wambolt,* 299 Wis. 2d 723, ¶ 34.

*Tyler* and *Wambolt* also prospectively established a new requirement. "In order to further limit the confusion regarding what documents are final orders or judgments for the purpose of appeal," we stated in *Tyler* and *Wambolt* that "we will, commencing September 1, 2007, require a statement on the face of a document that it is final for the purpose of appeal. Absent such a statement, appellate courts should liberally construe ambiguities to preserve the right of appeal." *Wambolt,* 299 Wis. 2d 723, ¶ 50. *See also Tyler,* 299 Wis. 2d 751, ¶ 25.

The prospective requirement established in *Tyler* and *Wambolt* does not, however, apply in the present case. All relevant documents in the instant case were entered prior to September 1, 2007.

[16] *Tyler,* 299 Wis. 2d 751, ¶ 19.

relevant part that "the claims of Plaintiff are dismissed with prejudice" constituted the final judgment from which an appeal could be taken. The judgment was the first and only document to dispose of the entire matter in litigation after the jury verdict.[17]

¶ 25. In *Wambolt,* we concluded that the circuit court's memorandum decision granting a defendant's motion for summary judgment against the Wambolts was not a final judgment or final order when the decision did not contain an explicit statement dismissing or adjudging the entire matter in litigation as to one or more parties.[18] A later order in *Wambolt* that does contain an explicit statement dismissing the matter against a party was the appropriate final, appealable order.[19] This document denied the Wambolts' motion for reconsideration, stating that "for the reasons stated in the Court's Memorandum Decision . . . [the defendant who moved for summary judgment against the Wambolts] is dismissed from this action."[20]

¶ 26. A more recent case, *Sanders v. Estate of Sanders,* 2008 WI 63, 310 Wis. 2d 175, 750 N.W.2d 806, further illustrates our conclusion in *Tyler* and *Wambolt* that a judgment or order must contain an explicit statement either dismissing or adjudging the entire matter in litigation as to one or more parties to "dispose" of the matter of litigation for purposes of Wis. Stat. § 808.03(1). We concluded in *Sanders* that the circuit court's order disposed of the entire matter in litigation as to at least one party because the order stated that "all claims brought and made by and between Diane Sanders and [the Estate] are hereby

---

[17] *Id.,* ¶ 22.

[18] *Wambolt,* 299 Wis. 2d 723, ¶ 40. *See also id.,* ¶ 7.

[19] *Wambolt,* 299 Wis. 2d 723, ¶ 40.

[20] *Wambolt,* 299 Wis. 2d 723, ¶ 10.

dismissed on the merits and without costs" and further that "all claims have been resolved or adjudicated at the trial court level."[21] We also concluded in *Sanders* that an order confirming the sale of real estate was not a final order for purposes of appeal because it did not determine the entire matter in litigation between the parties relating to real estate.[22]

¶ 27.   Consistent with *Tyler, Wambolt,* and *Sanders,* the court of appeals focused its inquiry on whether either of the two circuit court decisions from which the appeal was taken contains "an explicit statement either dismissing the entire matter in litigation as to one or more parties or adjudging the entire matter in litigation as to one or more parties."[23] The court of appeals concluded that the circuit court's January 19, 2007, decision contains such a statement because it explicitly denied the firefighters' application for attorney fees, statutory damages, and costs. The City, in its brief to this court, supports the court of appeals' conclusion that "[t]he final order . . . was entered January 19, 2007, more than ninety (90) days before the notice of appeal."[24]

¶ 28.   We do not agree with the court of appeals' analysis of the circuit court's decisions from which the firefighters appealed. It is clear that neither the January 19, 2007, decision denying the firefighters' application for attorney fees, statutory damages, and costs nor the April 26, 2007, decision denying the firefighters' motion for reconsideration of the January 19, 2007, decision contains an explicit statement dismissing or

---

[21] *Sanders v. Estate of Sanders,* 2008 WI 63, ¶ 41, 310 Wis. 2d 175, 750 N.W.2d 806.

[22] *Id.,* ¶ 40.

[23] *Tyler,* 299 Wis. 2d 751, ¶ 3.

[24] Brief of Respondents-Respondents at 6.

adjudging the entire matter regarding attorney fees, statutory damages, or costs in litigation between the firefighters and the City. In stating that the firefighters' application for attorney fees, statutory damages, and costs is denied, the circuit court merely decided a substantive issue before it, much as the circuit court in *Tyler* did when it denied Tyler's post-trial motions in an order that this court determined not to be final. Neither the January 19, 2007, decision nor the April 26, 2007, decision took the additional step necessary to dispose of the entire matter of attorney fees, statutory damages, or costs in litigation. Neither decision states, for example, that the firefighters' claim for attorney fees, statutory damages, and costs is dismissed or that the City is dismissed from the action. Nor did the decisions finally adjudge all the attorney fees, statutory damages, or costs in the course of litigation in the circuit court. Future attorney fees might be incurred in the proceedings relating to the pending matrix scores, as we discuss below.

¶ 29.   The parties and the court of appeals do not identify any other circuit court document from which the firefighters could have appealed the circuit court's decision denying the firefighters' application for attorney fees, statutory damages, and costs. Our review of the circuit court record confirms that the January 19, 2007, and April 26, 2007, decisions are the only two documents that the circuit court entered after the firefighters filed their application for attorney fees, statutory damages, and costs.

¶ 30.   Accordingly we conclude that no document explicitly dismisses or adjudges the entire matter in litigation as to one or more parties. No document finally disposes of the matter of attorney fees, statutory damages, or costs.

¶ 31. When a document does not explicitly state that it is dismissing or adjudging the entire matter as to one or more of the parties, the appropriate course of action for an appellate court "is to liberally construe documents in favor of timely appeals."[25] This general tenet of appellate practice further supports our conclusion that the circuit court's decisions relating to fees, damages, and costs were not final judgments or final orders for purposes of appeal.

¶ 32. The court of appeals therefore was correct in dismissing the appeal but erred in dismissing it as tardy. The firefighters' appeal of the denial of attorney fees, statutory damages, and costs is premature, and the appeal must be dismissed without prejudice.

¶ 33. The firefighters use a somewhat different but substantially similar argument to support their position that the circuit court's January 19, 2007, and April 26, 2007, decisions relating to fees, damages, and costs are not final for purposes of appeal to the court of appeals. They contend, as we explained previously, that the two circuit court decisions are not final for purposes of appeal because the circuit court has not yet entered a final, appealable judgment or order disposing of the firefighters' underlying litigation against the City relating to the release of public records. The firefighters contend that the April 27, 2006, peremptory writ of mandamus does not constitute a final judgment or order disposing of the entire matter in the firefighters' underlying litigation against the City for release of public records. Relying on language from a decision of

---

[25] *Sanders,* 310 Wis. 2d 175, ¶ 33 (quoting *Wambolt,* 299 Wis. 2d 723, ¶ 46).

the United States Court of Appeals for the Seventh Circuit, the firefighters argue that "[t]he denial of a request for fees as a 'prevailing party' is not appealable when the merits are not appealable, for questions about who has prevailed cannot intelligently be resolved in advance of the merits."[26]

¶ 34. The court of appeals did not address the argument that the firefighters set forth. In light of our analysis under Wis. Stat. § 808.03(1) of the nature of the two circuit court decisions from which the firefighters appealed, we also need not decide the merits of the firefighters' argument that the circuit court's January 19, 2007, and April 26, 2007, decisions are not final judgments or final orders for purposes of appeal because the April 27, 2006, peremptory writ of mandamus does not constitute a final judgment or final order for purposes of appeal. We nevertheless address the firefighters' argument because the cause is being remanded to the circuit court and the firefighters' argument may be presented to the circuit court.

■

¶ 35. A peremptory writ of mandamus is a judgment or order.[27] Thus Wis. Stat. § 808.03(1) applies to determine whether the peremptory writ of mandamus is a final judgment or order for purposes of appeal, and *Tyler, Wambolt,* and *Sanders* also apply. These cases teach, as we explained previously, that in order to "dispose" of the entire matter in litigation as to one or more parties and to constitute a final judgment or final order pursuant to Wis. Stat. § 808.03(1), a circuit court

[26] *Sandwiches, Inc. v. Wendy's Int'l, Inc.,* 822 F.2d 707, 711 (7th Cir. 1987).

[27] *State ex rel. Tiner v. Milwaukee County,* 81 Wis. 2d 277, 278, 260 N.W.2d 393 (1977).

document must include "an explicit statement either dismissing the entire matter in litigation as to one or more parties or adjudging the entire matter in litigation as to one or more parties."[28]

¶ 36. In the present case, the April 27, 2006, peremptory writ of mandamus may be viewed as containing explicit language disposing of some, but not all, matters in litigation between the firefighters and the City relating to the release of public records. The April 27, 2006, peremptory writ explicitly "ordered, adjudged and decreed" that the City must disclose certain records to the firefighters, but neither required release of the matrix scores nor denied the firefighters' right to their release. Although the peremptory writ may be viewed as having decided and disposed of some matters in litigation, it did not dispose of the entire matter in litigation between the parties. The disposition of the matrix scores remained unresolved.

¶ 37. The peremptory writ is similar to the order confirming the sale of real estate in *Sanders,* which the *Sanders* court concluded was not final for purposes of appeal. We concluded in *Sanders* that the circuit court's order confirming the sale of real estate was not a final order because it left matters relating to the real estate unresolved, including the question whether the Estate

---

[28] *Tyler,* 299 Wis. 2d 751, ¶ 3.

*See also id.,* ¶ 17 ("A court disposes of the entire matter in litigation in one of two ways: (1) by explicitly dismissing the entire matter in litigation as to one or more parties or (2) by explicitly adjudging the entire matter in litigation as to one or more parties."); *Wambolt,* 299 Wis. 2d 723, ¶ 39 ("[I]n order to 'dispose' of the matter under § 808.03(1), a memorandum decision must contain an explicit statement either dismissing the entire matter in litigation or adjudging the entire matter in litigation as to one or more parties.").

of Sanders had complied with its obligation to bring the land into compliance with environmental standards.[29]

¶ 38.  The peremptory writ in the present case, like the order confirming the sale in *Sanders,* left at least one matter in litigation unresolved. The writ did not dispose of the firefighters' petition for mandamus insofar as it related to the matrix scores. The writ therefore cannot be final for purposes of Wis. Stat. § 808.03(1).[30]

¶ 39.  The reasoning in *Sanders* extends to the circuit court's decisions relating to attorney fees, statutory damages, and costs as well. Because neither the peremptory writ of mandamus nor any other document disposed of the entire matter in litigation relating to the firefighters' requests for public records, the circuit court was not in a position to dispose of the entire matter relating to the attorney fees, statutory damages, and costs that the firefighters may be entitled to as the prevailing party under Wis. Stat. § 19.37(2)(a).

¶ 40.  The firefighters' attorney fees, for example, are not necessarily fixed when the circuit court has yet

---

[29] *Sanders,* 310 Wis. 2d 175, ¶ 40.

[30] The City argues that the circuit court intended for the peremptory writ to be a final judgment, relying upon statements that the circuit court made orally on the record. This inquiry into the circuit court's intent, however, is foreclosed by *Wambolt,* which states that "a negative answer to the question of whether an order or judgment disposes of the substantive issues obviates the need to reach the question of [the circuit court's] intent, for an order that fails to dispose of the substantive issues in a litigation with respect to one or more parties cannot be a final order or final judgment under the plain meaning of Wis. Stat. § 808.03(1)." *Wambolt,* 299 Wis. 2d 723, ¶ 30 n.9. *Wambolt* makes clear that under Wis. Stat. § 808.03(1), the circuit court's intentions cannot render final a document that otherwise is not final.

to dispose of the firefighters' demand for disclosure of the matrix scores. The circuit court's decisions relating to attorney fees, statutory damages, and costs therefore might not be the last word regarding these matters and should not be accorded the status of final judgments or final orders for purposes of appeal. This holding comports with a purpose underlying the rule that an appeal may be taken as a matter of right only from final judgments or final orders, namely the purpose of ensuring that factual and legal questions come before an appellate court only one time, after the circuit court has resolved all issues.[31]

¶ 41. In sum, we conclude that the circuit court's January 19, 2007, and April 26, 2007, decisions from which the firefighters appealed are not final judgments or final orders for purposes of appeal under Wis. Stat. § 808.03(1). They do not dispose of the entire matter of attorney fees, statutory damages, and costs in litigation between the parties. Furthermore, because the circuit court has not entered a final, appealable judgment or order disposing of the firefighters' underlying litigation against the City relating to the release of public records, the circuit court's decisions relating to attorney fees,

---

[31] *See Heaton v. Indep. Mortuary Corp.,* 97 Wis. 2d 379, 395–96, 294 N.W.2d 15 (1980) ("The purpose of sec. 808.03, Stats., providing appeal as of right of final orders and judgments and limiting appellate review of intermediate determinations until final judgment unless the court of appeals permits an earlier appeal is twofold: (1) to protect the trial proceedings by avoiding unnecessary interruptions and delay caused by multiple appeals and (2) to reduce the burden on the court of appeals by limiting the number of appeals to one appeal per case and allowing piecemeal appeals only under the special circumstances set forth in sec. 808.03(2), Stats.").

statutory damages, and costs should not be accorded the status of final judgments or final orders for purposes of appeal.

¶ 42. Accordingly, we conclude that the court of appeals erred in dismissing the firefighters' appeal with prejudice. The appeal should have been dismissed without prejudice. The firefighters may appeal under Wis. Stat. § 808.03(1) when the circuit court enters final judgments or orders disposing of the firefighters' underlying litigation against the City and the firefighters' request for fees, damages, and costs. We remand the cause to the circuit court for further proceedings not inconsistent with this opinion.

¶ 43. *By the Court.*—The decision of the court of appeals is reversed and the cause remanded.

¶ 44. PATIENCE DRAKE ROGGENSACK, J. (*concurring*). I agree with the majority opinion's conclusion that the peremptory writ issued April 27, 2006, did not dispose of the entirety of the Kenosha Professional Firefighters, Local 414, IAFF, AFL-CIO and Alan M. Horgen's (hereinafter collectively referred to as the firefighters) petition for mandamus to compel compliance with their open records request because it was not a final order with regard to the matrix scores they had requested.[1] I write in concurrence because the lack of finality of the peremptory writ is the sole reason that this court should conclude that the January 19, 2007, decision denying statutory attorney fees is not a final order. Stated otherwise, because the firefighters moved for an award of attorney fees prior to the circuit court's rendering a final decision on the merits, their motion for attorney fees was premature, not late. Accordingly, I respectfully concur in the majority opinion.

---

[1] Majority op., ¶ 38.

## I. BACKGROUND

¶ 45.   This case arises from an open records request made by the firefighters. Because the firefighters were forced to go to court to obtain compliance with their open records request and because the circuit court concluded that the City of Kenosha (the City) improperly denied part of that request, the firefighters claimed a statutory right to "reasonable attorney fees, damages of not less than $100, and other actual costs" under Wis. Stat. § 19.37(2)(a).

¶ 46.   Three decisions relating to the firefighters' open records request are at issue here:   The April 27, 2006, peremptory writ, the January 19, 2007, decision denying the firefighters' motion for attorney fees as untimely filed and the April 26, 2007, decision denying the firefighters' motion for reconsideration of the January 19, 2007, decision. The firefighters contend that the April 27, 2006, peremptory writ is not a final order under the provisions of Wis. Stat. § 808.03(1), and therefore, they were premature in moving for an award of reasonable attorney fees under Wis. Stat. § 19.37(2)(a). The firefighters argue that because the April 27, 2006, peremptory writ was not a final order on the merits of their claim, the January 19, 2007, decision denying fees could not have been a final order on the issue of fees in this case.

## II. DISCUSSION

¶ 47.   In recent years, we have attempted to explain what a judgment or order must contain if it is to be final for purposes of appeal under Wis. Stat. § 808.03(1). *See Sanders v. Estate of Sanders,* 2008 WI 63, 310 Wis. 2d 175, 750 N.W.2d 806; *Tyler v. RiverBank,* 2007 WI 33, 299 Wis. 2d 751, 728 N.W.2d 686; *Wambolt v. W. Bend*

651

*Mut. Ins. Co.*, 2007 WI 35, 299 Wis. 2d 723, 728 N.W.2d 670; *Harder v. Pfitzinger*, 2004 WI 102, 274 Wis. 2d 324, 682 N.W.2d 398. Notwithstanding all of our efforts, the petitions for review that turn on the issue of finality keep coming.

¶ 48.    Today we attempt to explain finality on the merits in the context of a peremptory writ of mandamus that was issued April 27, 2006. I join the majority opinion's conclusion that the peremptory writ was not a final order on the merits of the underlying action.[2] However, there is at least one other issue that may be affected by the lack of finality of the peremptory writ. This issue, and perhaps others, lurks, unspoken, in the majority opinion's discussion of whether the January 19, 2007, decision that denied the firefighters' request for fees was a final order.

¶ 49.    The following is the issue that is apparent to me. Is it even possible for a decision denying attorney fees to have been an appealable decision because an appealable decision on the merits has not been made? To state the issue otherwise, even though there can be the entry of a final order on the merits of an action, i.e., an appealable order, when a request for attorney fees is pending, *Baumeister v. Automated Products, Inc.*, 2004 WI 148, ¶ 31, 277 Wis. 2d 21, 690 N.W.2d 1, it does not necessarily follow that there can be a final order on attorney fees, i.e., an appealable order, when a final order on the merits has not yet been made.

¶ 50.    The majority opinion's analysis seems to assume that the circuit court's decision denying fees could have been a final, appealable decision, even though the circuit court's decision on the merits was not final and therefore, not appealable. The majority opin-

---

[2] *Id.*

ion gives this impression by examining the January 19, 2007, decision on attorney fees to determine whether the decision complied with *Sanders* and *Wambolt*.[3] However, if a final decision on the merits, i.e., an appealable decision on the merits, is required before it is possible to have a final decision on attorney fees, then there is no need to do a *Sanders/Wambolt* finality analysis on the attorney fee decision because that decision could never be a final decision.

¶ 51. The connection between the lack of finality in the peremptory writ and whether the decision denying fees could nevertheless be a final decision for purposes of appeal was not briefed or argued. Furthermore, it is an open question that has not been directly addressed by a Wisconsin appellate court.

¶ 52. *Hartman v. Winnebago County,* 216 Wis. 2d 419, 574 N.W.2d 222 (1998) and *Purdy v. Cap Gemini America, Inc.,* 2001 WI App 270, 248 Wis. 2d 804, 637 N.W.2d 763, give some assistance in identifying the connection between the finality of the merits of the underlying action and how an award of attorney fees fits within the costs permitted when a final judgment is perfected. However, they do not resolve the question of whether an adverse decision on attorney fees may be appealed when a decision on the merits of the claim has not been resolved in a final order.[4]

---

[3] *See id.,* ¶¶ 27–28.

[4] The question of whether the decision denying the firefighters' request for attorney fees was an appealable final order before a final order was entered on the merits of their underlying claim was never briefed or argued to us. The firefighters never made the argument that the majority opinion relies upon for its determination: that the January 19, 2007, decision denying the firefighters' motion for statutory attorney fees was not a final order. I do not decide this question in this concurrence.

¶ 53. In *Hartman,* we examined whether the statutory attorney fees provided under 42 U.S.C. § 1988 to a successful plaintiff on a 42 U.S.C. § 1983 claim came within Wis. Stat. § 806.06(4)'s requirement to tax those fees within 30 days of entry of judgment or forfeit the right to them. *Hartman,* 216 Wis. 2d 419, ¶ 2. Our decision turned on interpreting the meaning of "costs" in § 806.06(4) to decide whether that term encompassed statutory attorney fees. *Id.,* ¶ 21. By interpreting the meaning of "costs" in Wis. Stat. § 814.04(2), we concluded that "costs" had the same meaning in § 806.06(4). *Id.,* ¶ 26. The § 1988 attorney fees were "costs" within the meaning of § 814.04(2) because they were fees "allowed by law." *Id.* Therefore, they had to be taxed within 30 days of entry of judgment or they were forfeited. *Id.,* ¶ 36. Query, how can an order on attorney fees be final and taxable if there is no final judgment on which to tax them?

¶ 54. In *Purdy,* the court of appeals reviewed whether a request for attorney fees based on a provision in Purdy's employment contract was made too late. *Purdy,* 248 Wis. 2d 804, ¶ 3. When Cap Gemini moved to dismiss Purdy's claim as untimely, the court of appeals affirmed the dismissal, relying on *Hartman*'s interpretation of Wis. Stat. § 806.06(4). *Id.,* ¶¶ 14–15. In so doing, *Purdy* linked a contractual right to attorney fees to the statutory obligation to perfect costs in 30 days or lose them. There was no discussion of what obligation one might have in regard to attorney fees if there were not a final judgment on the merits of the action when the award of attorney fees was made.

¶ 55. However, other courts have explained that entry of a final order or judgment on the merits is required before an adverse decision on attorney fees can be appealed. *Prod. & Maint. Employees' Local 504 v.*

*Roadmaster Corp.,* 954 F.2d 1397, 1401 (7th Cir. 1992) (reasoning that if the underlying decision on the merits of plaintiff's ERISA claim was not final, neither is the decision regarding attorney fees under 29 U.S.C. 1132(g)(1)); *Richardson v. Penfold,* 900 F.2d 116, 118 (7th Cir. 1990) (concluding that the trial court erred in awarding attorney fees, which award was premature because a judgment on the merits of plaintiff's claim had not been entered); *Sandwiches, Inc. v. Wendy's Int'l, Inc.,* 822 F.2d 707, 711 (7th Cir. 1987) (concluding that the "denial of a request for fees as a 'prevailing party' is not appealable when the merits are not appealable").

¶ 56. The reasoning of *Roadmaster, Richardson* and *Sandwiches* is persuasive. They raise my concern about the way in which the majority opinion analyzes the January 19, 2007, decision that denied the firefighters' request for attorney fees.

### III. CONCLUSION

¶ 57. The lack of finality of the peremptory writ is sufficient reason to conclude that the January 19, 2007, decision is not a final order denying statutory attorney fees. I would not venture further.

¶ 58. Accordingly, I respectfully concur.

¶ 59. I am authorized to state that Justices AN-NETTE KINGSLAND ZIEGLER and MICHAEL J. GABLEMAN join this concurrence.